UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT DARRIUS CARTLEDGE,

        Plaintiff,

v.                                            Case No. 22-cv-501-pp

MILWAUKEE COUNTY JAIL,
MILWAUKEE COUNTY SHERIFF'S OFFICE,
and JOHN DOES,

        Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

Robert Darrius Cartledge, who is incarcerated at Milwaukee County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants used excessive force against him at the jail. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On May 18, 2022, the court ordered the plaintiff to pay an initial partial filing fee of $44.36. Dkt. No. 7. The court received that fee on June 8, 2022. On August 2, 2022, the court received the balance of the filing fee. Because the plaintiff has paid the full filing fee, the court will deny his motion to proceed without prepaying the filing fee as moot.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The complaint alleges that on September 7, 2021, an officer at the jail sexually assaulted the plaintiff while he was handcuffed. Dkt. No. 1 at 2. The plaintiff says the officer was a member of the SWAT or Special Teams unit. Id.

The plaintiff says a staff member told him to speak with the lieutenant in charge about an unspecified issue during a unit search at the jail. Id. at 3. The defendant officer did not know the plaintiff had been told to speak with a lieutenant and "yelled [the plaintiff] better sit [his] ass down." Id. In response, the plaintiff "clapped [his] hands stating 'you won, he's a tough guy,'" which caused other incarcerated persons to laugh at the officer. Id. at 2–3. The plaintiff says the officer then "grabbed [his] testic[le]s aggressively and pulled [his] hair." Id. at 2. The plaintiff says the incident was "videoed," which will show he "wasn't combative nor was [he] uncooperative." Id. at 3.

The plaintiff sought medical attention the next morning because his testicles were swollen. Id. at 3. A urinalysis came back positive for blood in the

plaintiff's urine, which he asserts was caused by "the assault." Id. The plaintiff says he needed a prescription for pain medication "due to [his] injuries" and had to seek mental health treatment. Id. The plaintiff asked Lieutenants Avery, Artus and Evans and Officers Ramsey and Ruplett (none of whom are defendants) for the name of the officer who assaulted him. Id. at 2. None of those officers provided the officer's name. Id.

The plaintiff seeks $1 million in damages. Id. at 4. He also asks the court to order the jail to create "sexual ass[au]lt victim programs or coping groups" for inmates who are sexually assaulted. Id.

    C.    Analysis

The plaintiff's allegations amount to a claim of excessive force against the officer who grabbed his testicles and pulled his hair during the unit search. The plaintiff does not say whether he was a pretrial detainee or a convicted prisoner on September 7, 2021, when the incident occurred. The jail's inmate search webpage shows that the plaintiff was taken into custody on August 25, 2021, and he remains at the jail. http://www.inmatesearch.mkesheriff.org/ (Booking No. 2021011342). The Wisconsin Circuit Court Access webpage shows the plaintiff has two state criminal cases pending. See State v. Robert Darrius Cartledge, Case Nos. 2021CF003645, 2021CF003158 (Milwaukee County Circuit Court) (available at https://wcca.wicourts.gov/).

Because the plaintiff was a pretrial detainee at the time of the alleged events, the court analyzes his claim under the Fourteenth Amendment's standard of objective reasonableness, which "turns on the 'facts and circumstances of each particular case.'" Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)). The court must judge the reasonableness of the force used "from the perspective of a

reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id.

Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397 (citations omitted). The court must consider the following factors:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

Kingsley, 576 U.S. at 397. This list is not exhaustive but illustrates some of the "objective circumstances potentially relevant to a determination of excessive force." Id.

The plaintiff alleges that when he stood up to speak with the lieutenant as instructed by a staff member, the defendant officer yelled at him to sit down. When the plaintiff responded by clapping his hands and calling the officer "a tough guy," other incarcerated persons laughed. In response, the officer grabbed the plaintiff's testicles hard enough to cause swelling and blood to appear in the plaintiff's urine the next day. The plaintiff says there is video evidence showing he was not combative or uncooperative at the time.

Accepting these allegations as true (as the court must at the screening stage), the officer likely had no need to use any force, much less the force the plaintiff alleges the officer used. The complaint suggests the officer responded to the plaintiff mocking him, and other incarcerated persons laughing at him, by using unnecessary force. There are no allegations suggesting the plaintiff

was resisting, threatening harm or creating a security issue. If the facts unfolded as the plaintiff describes then, the use of force likely was excessive and unnecessary. The court will allow the plaintiff to proceed under the Fourteenth Amendment against the unknown officer.

The complaint also names as defendants the Milwaukee County Jail and the Milwaukee County Sheriff's Office. Section 1983 allows a plaintiff to sue a "person" who violated the plaintiff's constitutional rights while acting under color of state law. Neither the jail nor the sheriff's department are "persons." The Milwaukee County Sheriff's Office is not a "person," and it is not a "legal entity separable from the county government which it serves and is, therefore, not subject to suit." Whiting v. Marathon Cty. Sheriff's Dept., 382 F.3d 700, 704 (7th Cir. 2004)). Nor is a county jail a "suable entity," Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012); the Milwaukee County Jail is a unit of the Milwaukee County Sheriff's Department. The court will dismiss these defendants. The plaintiff may proceed against the John Doe officer only.

Because the plaintiff does not know the name of the defendant he is suing, the court will add Milwaukee County Sheriff Earnell R. Lucas as a defendant for the limited purpose of helping the plaintiff identify the name of the defendant. See Donald v. Cook Cty. Sheriff's Dept., 95 F.3d 548, 556 (7th Cir. 1996) (noting that courts are charged with assisting self-represented litigants who state allegations against individuals not necessarily named in the caption of their complaint). Sheriff Lucas does not have to respond to the complaint. After Sheriff Lucas's attorney files an appearance in this case, the plaintiff may serve discovery upon Sheriff Lucas (by mailing it to his attorney at the address in his notice of appearance) to get information that will help him identify the name of the John Doe officer.

For example, the plaintiff may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33, or document requests under Fed. R. Civ. P. 34. Because the plaintiff has not stated a claim against Sheriff Lucas, the plaintiff's discovery requests must be limited to information or documents that will help him learn the real name of the defendant he is suing. The plaintiff may not ask Sheriff Lucas about any other topic, and Sheriff Lucas is under no obligation to respond to requests about any other topic.

After the plaintiff learns the name of the officer whom he alleges violated his constitutional rights, he must file a motion to substitute his name for the John Doe placeholder. Once the plaintiff identifies the John Doe defendant's name, the court will dismiss Sheriff Lucas as a defendant. After the defendant has an opportunity to respond to the plaintiff's complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the name of the John Doe defendant ***within sixty days of Sheriff Lucas's attorney filing an appearance in this case***. If he does not or does not explain to the court why he is unable to do so, the court may dismiss the case based on the plaintiff's failure to diligently pursue it. Civil Local Rule 41(c).

### III. Conclusion

The court **DENIES AS MOOT** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that defendants Milwaukee County Jail and Milwaukee County Sheriff's Office are **DISMISSED**.

The court **ORDERS** that Milwaukee County Sheriff Earnell R. Lucas is named as a defendant for the limited purpose of helping the plaintiff identify

the Doe defendant's name; the court **DIRECTS** the Clerk of Court to add Sheriff Lucas as a defendant on the docket.

Under an informal service agreement between Milwaukee County and the court, the court will electronically transmit a copy of the complaint and this order to Milwaukee County for service on Sheriff Earnell R. Lucas.

The court **ORDERS** that Sheriff Lucas does not have to respond to the complaint; he must, however, respond to discovery requests that the plaintiff serves in an effort to identify the Doe defendant's name. Sheriff Lucas is not required to respond to discovery requests about any other topic.

The court **ORDERS** the plaintiff to identify the real name of the John Doe defendant **within sixty days of Sheriff Lucas's attorney appearing** in the case. If the plaintiff does not do so, or does not explain to the court why he is unable to identify the defendant's real name, the court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

The court **ORDERS** that the parties must not begin discovery, other than to identify the John Doe defendant, until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing the case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 24th day of October, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**