UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT DARRIUS CARTLEDGE,

          Plaintiff,

v.                                  Case No. 22-CV-501

STEVEN GEASON,

          Defendant.

## DECISION AND ORDER

Plaintiff Robert Darrius Cartledge, who is representing himself and currently confined at the Wisconsin Secure Program Facility, brings this lawsuit under 42 U.S.C. § 1983. Cartledge was allowed to proceed on a claim for excessive force under the Fourteenth Amendment because the defendant, Steven Geason, allegedly grabbed his testicles and aggressively pulled. Geason filed a motion for summary judgment, which is fully briefed and ready for a decision. (ECF No. 31.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 6, 20.)

### FACTS

On September 7, 2021, Cartledge was incarcerated as a pretrial detainee at the Milwaukee County Jail. (ECF No. 32, ¶ 2.) That day a shakedown was conducted by Jail staff with the assistance of the Milwaukee County Sheriff's Office's SWAT team. (*Id.*, ¶ 4.) Cartledge was attempting to engage the officers conducting the searches of the cells, including defendant Geason, by clapping his hands at them. (*Id.*, ¶¶ 7-10.)

Because of Cartledge's behavior, Geason and several non-defendant officers moved to secure Cartledge, who was seated. (*Id.*, ¶¶ 11-12.) Geason then proceeded to conduct a pat-down search of Cartledge. (*Id.*, ¶¶ 13-18.) Geason asserts that at no point did he grab Cartledge's testicles. (*Id.*)

Cartledge states that, after the other officers handcuffed him, Geason approached him and grabbed his testicles. (ECF No. 43, ¶ 11.) Cartledge states Geason did this before conducting the pat-down search. (*Id.*, ¶ 18.) The next day, Cartledge put in a request to see medical services for tender testicles. (*Id.*, ¶ 28.) He states that during that examination a urine analysis was done and blood was detected in his urine. (*Id.*, ¶ 28.)

The court has the benefit of video footage of the incident, though the video has no audio. (ECF No. 36-3.) In the upper left corner of the video Cartledge is seen standing and talking to the officers conducting the shakedown. He then sits down, and Geason approaches him. Geason and the other officers assist Cartledge in standing up. The video shows Geason hooking his left arm underneath Cartledge's armpit. Once Cartledge is standing, Geason pulls ear buds and a radio out from under Cartledge's shirt. He then proceeds to conduct a brief pat-down search of Cartledge, including his waist and upper thigh area. Once the pat-down search is complete, Cartledge is escorted out of the dayroom. (*Id.* 19:18:00-19:18:45; ECF No. 32, ¶¶ 14-23.)

At no point does Geason appear to touch Cartledge's groin area. Cartledge asserts that the video "pauses like every few seconds" and there is a "two to 3 second gap." (ECF No. 44 at 2.) He says that it is during these glitches or gaps that the video

2

would have shown Geason tugging on his testicles. (*Id.*) Cartledge says that he can point out exactly in the video where Geason assaulted him. (*Id.* at 3.) However, Cartledge does not provide the time stamp when the assault or the glitches occurred nor does he provide any additional evidence to demonstrate that the video was tampered with.

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his

3

pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

Cartledge claims that Geason violated his Fourteenth Amendment rights when he grabbed Cartledge's testicles. The "Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989)). Under this standard, whether a defendant used excessive force is an objective, not a subjective, determination, and "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* Whether the force was objectively unreasonable turns on the "facts and circumstances of each particular case." *Id.* at 397.

While the parties have different versions of what occurred, which might ordinarily result in the court denying Geason's motion for summary judgment, the court has the benefit of the video, which confirms Geason's version of events. The video clearly shows that Geason did not at any point touch Cartledge's groin area. *See Scott v. Harris*, 550 U.S. 372, 378 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on

4

summary judgment."). After viewing the video, the only reasonable conclusion a jury could reach is that Geason did not use excessive force on Cartledge.

To the extent that Cartledge argues that the video was tampered with, he offers no proof of any tampering. The court did not notice gaps as referenced by Cartledge, and it could not find where in the video Cartledge states he was assaulted.

"Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020). "It is therefore incumbent on the party opposing a summary judgment motion to 'inform the district court of the reasons why summary judgment should not be entered'" *Reed v. Brex, Inc.*, 8 F. 4th. 569, 578 (7th Cir. 2021) (quoting *Riely v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018)). In other words, if Cartledge could demonstrate where in the video Geason grabs his testicles, he needed to provide that information. Without such evidence, the court is left with only Cartledge's claim that the video was tampered with, which is not enough to defeat summary judgment. *See Drake v. Minn Mining & Mfg Co.,* 134 F.3d 878, 887 (7th Cir. 1998) (Bald assertions that are not bolstered by more specific evidence are insufficient to create a genuine issue of material fact.).

Because the video conclusively shows that Geason did not pull on Cartledge's testicles, no reasonable jury could find otherwise. Summary judgment is granted in Geason's favor.

5

## CONCLUSION

For the foregoing reasons, Geason's motion for summary judgment is granted. Because there are no remaining claims, the case is dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Geason's motion for summary judgment (ECF No. 31) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 28th day of May, 2024.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge